O. D. DAVIS, Administrator of Mrs. E. H. M  Summerell, v. JOHN L. BOYDEN, Assignee of John A. Boyden, et als.

(Decided November 22, 1898.)

*Statute of Limitations.*

The Statute of Limitations will not bar the *cestui que* trust pending that relation.

CIVIL ACTION upon a promissory note, not under seal, tried before *Allen, J.*, at August Term, 1898, of ROWAN Superior Court.

The defendant John A. Boyden, on 1st November, 1884, executed his promissory note payable to the intestate of plaintiff six months after date, with sureties. On January 25, 1892, he made an assignment to John L. Boyden as trustee, since replaced by John S. Henderson as trustee, who has been made a party to this suit, which was instituted November 8, 1895.

John A. Boyden pleaded the Statute of Limitations. The trustee filed no Answer.   The debt is in the preferred class.

His Honor decided the debt was barred as against Boyden and gave judgment accordingly, but refused to give judgment against the trustee to be paid out of the trust funds, when sold.

DAVIS *v.* BOYDEN.

The plaintiff appealed from the ruling of the Court.

*Messrs. Kerr Craige* and *L. H. Clement*, for plaintiff (appellant).
*Mr. L. O. Overman*, for defendants.

FAIRCLOTH, C. J.: John A. Boyden, with sureties, executed his note, not under seal, to the plaintiff's intestate in 1884, and the last payment was on May 8, 1891, and this action was commenced November 8, 1895. On January 25, 1892, the said John A. Boyden made an assignment for the benefit of creditors, including the plaintiff's claim, and the defendant Henderson is now the trustee and has taken no steps to close his trust. The defendant Boyden pleaded the Statute of Limitations, the trustee not filing or relying on such plea. The effect of the Statute pleaded is the only question.

The plea is a bar to the plaintiff's action and protects the defendant Boyden. It is urged that as the principal debtor is discharged by the Statute, therefore, the plaintiff cannot recover of the trustee. That is a mistake. The assignment established an *express* trust in favor of the creditors, and as the trust has not been closed that relation still exists. It is very well settled that the Statute will not bar the *cestui que* trust pending that relation. It is only where the fiduciary character of the trustee has ceased, as by repudiating the creditor's rights, or by claiming the absolute ownership, or by refusing to account for the property, that the Statute will operate, that is, when the trustee assumes an adversary character towards the beneficial owners. *Patterson* v. *Lilly*, 90 N. C., 87; Angel on Limitation, 468, 176, approved in numerous other cases.

No reason appears why the trust is not closed, nor

why no order was made, declaring the rights of the plaintiff against the trustee. The plaintiff is entitled to have the trust closed and to a judgment against the trustee for his proportion of the trust fund.

Remanded for proceedings according to this opinion.